

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 29, 1962

Hon. W. W. Kilgore
County Attorney
Victoria County
Victoria, Texas

Dear Mr. Kilgore:

Opinion No. WW-1290

Re: Whether justice courts or county
courts have jurisdiction to try
persons who are charged with vio-
lating the provisions of Article
802e of Vernon's Penal Code.

We have received your request for an opinion as to
whether justice courts or county courts have jurisdiction to try
persons who are charged with violating the provisions of Article
802e of Vernon's Penal Code.

Article 802e of Vernon's Penal Code of Texas provides
in part as follows:

"Any male minor who has passed his 14th birth-
day but has not reached his 17th birthday, and any
female minor who has passed her 14th birthday but
has not reached her 18th birthday, and who drives
or operates an automobile or any other motor vehicle
on any public road or highway in this State or upon
any street or alley within the limits of any city,
town or village, or upon any beach as defined in
Chapter 430, Acts of the 51st Legislature, 1949,
while under the influence of intoxicating liquor,
or who drives or operates an automobile or any other
motor vehicle in such way as to violate any traffic
law of this state, shall be guilty of a misdemeanor
and shall be punished by a fine of not more than
One Hundred Dollars ($100.00). . . ."

"Section 2. No such minor, after conviction or
plea of guilty and imposition of fine, shall be com-
mitted to any jail in default of payment of the fine
imposed, but the court imposing such fine shall have
power to suspend and take possession of such minor's
driving license and retain the same until such fine
has been paid."

"Section 4. The offenses created under this
Act shall be under the jurisdiction of the courts
regularly empowered to try misdemeanors carrying

the penalty herein affixed, and shall not be
under the jurisdiction of the Juvenile Courts;
but nothing contained in this Act shall be
construed to otherwise repeal or affect the
statutes regulating the powers and duties of
Juvenile Courts.  The provisions of this Act
shall be cumulative of all other laws on the
subject."

Justice of the Peace or Justice Courts are provided
for in the Constitution of Texas.  Article V, Section 19 of the
Constitution reads:

"Justices of the peace shall have juris-
diction in criminal matters of all cases where
the penalty or fine to be imposed by law may
not be more than for two hundred dollars . . .
and such other jurisdiction, criminal or civil,
as may be provided by law, under such regula-
tions as may be prescribed by law."

It has been held that the Justice Courts have no juris-
diction to try cases when the punishment exceeds a pecuniary fine
of two hundred dollars.  Imprisonment for any length of time or a
suspension of a license in addition to a fine has been held to
remove the criminal offense from the jurisdiction of the Justice
Court.  Tuttle v. State, 1 Tex.Crim. 369 (1876); Morris v. State,
320 S.W.2d 682 (Tex.Crim. 1959).

Article 60, V.C.C.P., reads as follows:

"Justices of the peace shall have juris-
diction in criminal cases where the fine to be
imposed by law may not exceed two hundred dol-
lars."

In Morris v. State, supra, the Court of Criminal Appeals
held that a statute providing for punishment by a fine of not more
than two hundred dollars and forfeiture of hunting license and
right to hunt for one year removed the case from the jurisdiction
of the Justice Court.  Here, of course, there was fine and a for-
feiture.

Article 917, Code of Criminal Procedure, provides that
the defendant shall remain in the custody of the sheriff until the
fine and costs are paid.  Such imprisonment is not an additional
penalty but rather an aid in the collection of the fine.

It is our interpretation of Section 2 of Article 802e, V.P.C., that the penalty set out is a fine of not more than One Hundred Dollars. Although Section 2 states that "the court imposing such fine shall have power to suspend and take possession of such minor's driving license and retain the same until such fine has been paid," its purpose is analogous to Article 917, V.C.C.P. and is only applicable upon failure to pay the fine. Section 2 is not an additional penalty, but is likewise an aid in the collection of the fine.

## SUMMARY

The Justice Courts have jurisdiction to try persons charged with violating Article 802e of Vernon's Penal Code.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Irwin R. Salmanson

Irwin R. Salmanson
Assistant Attorney General

IRS:bjh:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Lewis
Fred D. Ward
Elmer McVey
REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.